Filed 7/20/26  Shropshire v. Ocean Avenue CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAMES W. SHROPSHIRE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>OCEAN AVENUE, LLC,<br><br>  Defendant and Respondent. | B348491<br><br>(Los Angeles County Super. Ct. No. 23SMCV04094) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa K. Sepe-Wiesenfeld, Judge.  Affirmed.

Deldar Legal, P. David Cienfuegos and Mona Deldar for plaintiff and appellant.

Gordon Rees Scully Mansukhani, Rachel T. Velilla; Professional Law Corporation, Matthew D. Kanin for defendant and respondent.

Under Code of Civil Procedure section 474, a plaintiff who is ignorant of a defendant's identity may designate the defendant in a complaint by a fictitious name (typically, as a "Doe"), and subsequently amend the pleading to state the defendant's true name when the plaintiff later discovers it.[1]  If the plaintiff seeks to name a defendant under section 474 after the statute of limitations has lapsed, the amendment will relate back to the filing of the original complaint, but only if the plaintiff was genuinely ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant.

The sole issue in this case is whether the plaintiff was ignorant of the facts giving rise to his claims against Ocean Avenue, LLC (Ocean Avenue) before filing the Doe amendment, which was undisputedly filed after the statute of limitations had expired.  The trial court found the plaintiff was not genuinely ignorant of Ocean Avenue's identity or its connection to the facts alleged in the complaint.  We conclude substantial evidence supports the trial court's findings and affirm.

## BACKGROUND

On August 30, 2023, James W. Shropshire filed a complaint against defendant DFO Management, LLC, DBA Fairmont Miramar Hotel & Bungalows, and Does 1 to 50.  The complaint alleged Shropshire was assaulted by security personnel on or about September 5 and 6, 2021, at the Fairmont Miramar Hotel & Bungalows in Santa Monica.  It alleged causes of action for, negligence, negligent infliction of emotional distress, assault and battery, and intentional infliction of emotional distress.

---

[1]     Subsequent unspecified references to statutes are to the Code of Civil Procedure.

Over a year-and-a-half before filing the complaint, on October 21, 2021, Shropshire's counsel sent a demand letter to Ocean Avenue, which was addressed to Ocean Avenue's corporate office in Santa Monica. The letter alleged that "as many as six (6) security personal [sic] working at The Bungalow Santa Monica and/or Fairmont Miramar Hotel & Bungalows violently assaulted and battered [Shropshire] while he was handcuffed and restrained by your personnel at The Bungalows, on the Fairmont Miramar Hotel property, and on the sidewalk of Wilshire Blvd., directly in front of the driveway and entrance to the Fairmont Miramar Hotel." The letter then directed Ocean Avenue to "preserve any and all evidence" related to the incident and any incident reports and complaint reports for a period of one year prior to the incident. The letter also stated that Shropshire was seeking medical treatment for his injuries and, therefore, requested that Ocean Avenue "provide our office with any applicable general liability and premises liability insurance information within 10 business days." Finally, the letter concluded that "[f]ailure to provide the requested information may result in a lawsuit filed against you."

On June 21, 2024, after the two-year statute of limitations had expired on his personal injury claims (see § 335.1), Shropshire filed a Doe Amendment substituting Ocean Avenue for Doe 1. Ocean Avenue moved to quash service of the summons and complaint under sections 474 and 418.10, on the ground that the Doe Amendment was barred by the statute of limitations and Shropshire was not genuinely ignorant of Ocean Avenue's identity when he filed the initial complaint.

After a hearing, the trial court granted Ocean Avenue's motion. The court found Shropshire knew Ocean Avenue's

identity at the time of filing the complaint (and, as early as the October 21, 2021, demand letter), and the demand letter made it clear that Shropshire believed Ocean Avenue may be liable for his alleged injuries. Based on these findings, the court concluded the amended complaint did not relate back to the date the original complaint was filed and thus was barred by the statute of limitations.

The court entered judgment in favor of Ocean Avenue, and Shropshire timely appealed.

## DISCUSSION

Shropshire contends the trial court erred by not applying section 474's relation-back doctrine because he was genuinely and in good faith ignorant of Ocean Avenue's involvement when the complaint was filed. We review the trial court's factual findings to the contrary for substantial evidence. (See *McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 373 (*McClatchy*).)

Section 474 provides, in relevant part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint,… and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." For purposes of the statute of limitations, "[w]hen a defendant is properly named under section 474, the amendment relates back to the filing date of the original complaint." (*McClatchy, supra,* 247 Cal.App.4th at p. 371.) The relation-back doctrine will only apply, however, "when the plaintiff is actually ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant." (*Id*. at 372.) " 'The

4

question is whether [the plaintiff] knew or reasonably should have known that he had a cause of action against [the defendant].' " (*Ibid*.) " 'Ignorance of the *facts* giving rise to a cause of action is the 'ignorance' required by section 474, and the pivotal question is, ' "did plaintiff know *facts*?" " not 'did plaintiff know or believe that [he] had a cause of action based on those facts?' " (*Ibid*.)

"The omission of the defendant's identity in the original complaint must be real and not merely subterfuge for avoiding the requirements of section 474." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 177 (*Woo*).) If the plaintiff cannot meet the identity ignorance requirement of section 474, a "new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from the delay." (*Ibid*.)

Applying these principles, we conclude substantial evidence supports the trial court's determination that when Shropshire filed the original complaint, he was not ignorant of the facts giving rise to his claims against Ocean Avenue. A month-and-a-half after the alleged incident, and over a year-and-a-half before filing the original complaint, Shropshire's counsel sent a demand letter to Ocean Avenue. Thus, it cannot be disputed that Shropshire knew the existence of Ocean Avenue. The question then becomes whether Shropshire " 'knew the identity of the [entity] but was ignorant of the facts giving him a cause of action against the [entity]." (*Marasco v. Wadsworth* (1978) 21 Cal.3d 82, 88 (*Marasco*).) As the trial court noted, the demand letter sought preservation of evidence and insurance information based on the incident alleged in the complaint and the letter "made

clear that [Shropshire] believed [Ocean Avenue] may be liable, as [Shropshire] made such an averment in the letter."

On appeal, Shropshire claims the demand letter does not show that he had knowledge of facts "making the defendant's liability *probable*." But that is not the standard. Rather, as long as Shropshire knew facts giving rise to a cause of action against Ocean Avenue at the time he filed his original complaint, he is precluded from adding Ocean Avenue as a defendant after the statute of limitations has expired. Here, the demand letter supports the trial court's conclusion that Shropshire knew those facts. The letter claimed Shropshire was "violently assaulted" by Ocean Avenue's personnel at The Bungalows on the Fairmont Miramar Hotel property. And the facts alleged in the initial complaint are identical to the allegations in the demand letter. Shropshire therefore knew the facts that purportedly supported his causes of action against Ocean Avenue, namely Ocean Avenue's ownership of the property and/or its employment of the individuals allegedly involved in the assault.[2]

Shropshire's attempt to distinguish *Optical Surplus, Inc. v. Superior Court* (1991) 228 Cal.App.3d 776 (*Optical Surplus*), a case relied on by the trial court in granting Ocean Avenue's motion, is unavailing. There, the plaintiff sued two named defendants and several Doe defendants for interference with contractual relations and other related causes of action. (*Id*. at p. 780.) More than four months before filing the complaint, the plaintiff sent a letter to Optical Surplus, Inc. alleging, in pertinent part: " 'Our client has learned that you have been

---

[2]     The grant deed, which the trial court judicially noticed, confirms that Ocean Avenue has been the owner of the property on which the incident allegedly occurred since 1999.

actively engaged in the sale and solicitation of orders for the sale of eyeglass frames manufactured by Metzler [ ] in the state of California.  This is in direct violation of our client's rights and it is actionable.' " (*Id*. at p. 781.)  In response, Optical Surplus, Inc. denied liability and thus, plaintiff "did not name [Optical Surplus, Inc.] as a [d]efendant in the complaint." (*Ibid*.)

After the statute of limitations expired, the plaintiff amended the complaint pursuant to section 474, substituting Optical Surplus, Inc. for Doe 1.  (*Optical Surplus*, *supra*, 228 Cal.App.3d at p. 780.)  The Court of Appeal concluded the amendment did not relate back to the filing of the initial complaint, reasoning the "demand letter clearly and unequivocally indicated that [the plaintiff] knew not only Optical's identity but also its alleged 'actionable' activity." (*Id*. at p. 784.)

Shropshire claims that *Optical Surplus* is distinguishable because the plaintiff's "pre-suit letter identified the defendant's wrongful conduct and the [plaintiff] strategically chose not to sue."  But here, too, the demand letter identified Ocean Avenue's wrongful conduct.  That the record does not demonstrate *why* Shropshire did not name Ocean Avenue in the original complaint is of no consequence.  The relevant inquiry is whether Shropshire was ignorant of the facts giving him a cause of action against Ocean Avenue.  (*Marasco, supra,* 21 Cal.3d at p. 88.)  For the reasons discussed above, substantial evidence supports the trial court's finding that Shropshire, like the plaintiff in *Optical Surplus*, "knew everything he needed to know about [Ocean Avenue] when he filed his original complaint." (*Optical Surplus*, *supra*, 228 Cal.App.3d at p. 784.)

We lastly reject Shopshire's contention that Ocean Avenue was required to show it was prejudiced by the untimely Doe amendment. The trial court correctly concluded prejudice "is not a requirement for a motion to quash" based on plaintiff's lack of identity ignorance as required by section 474. (See *Woo, supra*, 75 Cal.App.4th at p. 177 ["[I]f the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from the delay"].)

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.


We concur:


ZUKIN, P. J.


MORI, J.

8